# In the
# United States Court of Appeals
## For the Eleventh Circuit

_____

No. 23-10343

_____

CLARISSA GILMORE,

                                                               Plaintiff-Appellant,

*versus*

GEORGIA DEPARTMENT OF CORRECTIONS,
an agency of the State of Georgia,
COMMISSIONER, GEORGIA DEPARTMENT OF CORRECTIONS,
in his official capacity,
ALBERTA W. MILTON,
individually and in her official capacity,
SABRINI CARLENE LUPO,
individually and in her official capacity,
SMITH SP WARDEN,
in his official capacity as successor-in-interest,
et al.,

Defendants-Appellees,

DOUGLAS M. WILLIAMS,
individually and in his official capacity,

Defendant.

————————

Appeal from the United States District Court
for the Southern District of Georgia
D.C. Docket No. 6:18-cv-00115-RSB-CLR

————————

ORDER:

Counsel for the parties in this appeal are **DIRECTED** to file supplemental briefs addressing two additional en banc questions.

Many of the facts in this case are contested. But viewed in the light most favorable to Ms. Gilmore, *see Tolan v. Cotton*, 572 U.S. 650, 655–56 (2014), the summary judgment record indicates the following: (1) the prison did not warn visitors that they might be or would be subject to a strip search; (2) before proceeding to the visitation room, Ms. Gilmore was subject to a security screening; (3) the security screening—which consisted of searches conducted by a pat-down, a metal-detection wand, and an electromagnetic-radiation body scan—did not turn up any contraband; (4) Ms. Gilmore

did not smell of marijuana or stare at the correctional officers while in the visitation room; (5) Ms. Gilmore was told that she had to sign the strip search approval form and that she would be jailed (and would no longer be able to see her husband) if she did not consent to a strip search; (6) Ms. Gilmore was not told of the reason for the strip search; (7) Ms. Gilmore was not given an opportunity to leave the prison and avoid a strip search; (8) the strip search approval form given to Ms. Gilmore by Lt. Milton and Officer Irizarry—both of whom are female—was blank and lacked the approved signatures from prison officials; (9) Lt. Milton and Officer Irizarry insisted that Ms. Gilmore sign the form and she did so because she felt she had no other option; (10) the strip search was conducted in a bathroom by Lt. Milton and Officer Irizarry; (11) Lt. Milton told Ms. Gilmore to take off her clothes, including her bra and underwear, and she complied; (12) Officer Irizarry examined Ms. Gilmore's clothing for contraband but found none; (13) at Lt. Milton's direction, Officer Irizarry manipulated Ms. Gilmore's breasts, lifting them and looking underneath them; (14) Lt. Milton ordered Ms. Gilmore to turn around, bend down, and spread her buttocks; (15) Officer Irizarry felt in between Ms. Gilmore's buttocks with her gloved hand; (16) Lt. Milton and Officer Irizarry instructed Ms. Gilmore to spread her vagina, which they visually inspected; (17) after finding no contraband, Lt. Milton and Officer Irizarry told Ms. Gilmore to put her clothes on and allowed her to resume her visit.

Within 21 days of the date of this order, the parties shall file simultaneous briefs—not exceeding 20 pages—addressing the following two questions:

1. Considering the totality of the circumstances, *see Cty. of Los Angeles v. Mendez*, 581 U.S. 420, 427–28 (2017), could a jury reasonably find that the strip search violated the Fourth Amendment if it credits Ms. Gilmore's version of events?

2. Viewing the evidence in the light most favorable to Ms. Gilmore at the summary judgment stage, did the correctional officers have fair warning that the coerced strip search violated the Fourth Amendment because the constitutional violation was one of "obvious clarity"? *See, e.g., Hope v. Pelzer*, 536 U.S. 730, 741 (2002); *Taylor v. Rojas*, 592 U.S. 7, 8–9 (2020).

DAVID J. SMITH<br>
Clerk of the United States Court of<br>
Appeals for the Eleventh Circuit

ENTERED FOR THE COURT - BY DIRECTION